**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| In re the Application of | : | |
| Kayat Trading Limited, | : | |
|              Petitioner, | : | 05 MBD 10147-GAO |
| For an Order To Take Discovery of | : | |
| Genzyme Corporation, | : | |
|              Respondent, | : | |
| Pursuant to 28 U.S.C. § 1782. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**PARTIAL OPPOSITION OF KAYAT TRADING LIMITED TO GENZYME, INC.'S MOTION TO EXTEND TIME TO RESPOND TO KAYAT'S RENEWED MOTION FOR DISCOVERY**

Petitioner Kayat Trading Limited ("Kayat") hereby partially opposes respondent Genzyme, Inc.'s Motion to Extend Time to Respond. In support of its partial opposition, Kayat states as follows:

1.    Kayat has informed Genzyme that it will agree to a one-week extension of time for Genzyme to respond to Kayat's Renewed Motion for Discovery--but no more. Kayat refuses to accede to Genzyme's request for a three and a half week extension because the request is simply a continuation of Genzyme's strategy--employed in Cyprus and here--to delay resolution of Kayat's claims as long as possible.

2.    Kayat's Renewed Motion for Discovery is based on the Cyprus Supreme Court's July 2005 decision denying Genzyme's appeal of the Cyprus trial court's denial of its

1

motion to dismiss for lack of jurisdiction/improper venue. Genzyme has had since July to consider the Cyprus Supreme Court's decision. Moreover, Genzyme has known since the original hearing before this Court on May 23, 2005, that Kayat would request that the stay be lifted and discovery ordered in this action if the Cyprus Supreme Court denied Genzyme's request for appellate review of their motion to dismiss for lack of jurisdiction and improper venue. Kayat's Renewed Motion came as no surprise to Genzyme.

3. Kayat has previously informed Genzyme that it would agree to a one-week extension of time for Genzyme to respond to Kayat's Renewed Motion for Discovery. As Kayat filed its Renewed Motion on August 19, 2005, Genzyme's present response date is September 2, 2005. A one-week extension would allow Genzyme until September 9, 2005 to respond.

4. Kayat has already given Genzyme an additional week to consider its options. Kayat had advised Genzyme that it was prepared to file its Renewed Motion for Discovery on August 11, 2005, more than one week prior to its actual filing. At that time, Genzyme requested that Kayat delay filing the motion for one week so that Genzyme could review Kayat's proposed discovery plan (which Genzyme and Kayat had been discussing) and possibly come to an agreement with Kayat. Out of courtesy and in a spirit of cooperation, Kayat acceded to Genzyme's request. Genzyme's counsel mentioned nothing about vacations and additional requests for time if Kayat filed the motion the following week.

5. After waiting a week, and not hearing back from Genzyme, Kayat went ahead and filed its Renewed Motion. See e-mail dated August 19, 2005, attached hereto as Exhibit A. Mid-afternoon on Friday, August 26, 2005, one week after Kayat filed its motion, Genzyme's counsel sent an e-mail to Kayat's counsel asking for a three and a half week extension to respond to Kayat's Renewed Motion for Discovery citing vacations of U.S. and Cyprus

counsel as the principal reasons. See e-mail dated August 29, 2005, attached hereto as Exhibit B.

6. Kayat has been more than reasonable in providing additional time for Genzyme to consider Kayat's proposals and to respond to Kayat's motions. Kayat has also been more than reasonable in its attempts to negotiate with Genzyme and to assuage Genzyme's concerns about reciprocity and parity of discovery. See Exhibit B. In return, Genzyme has responded with tactics designed to achieve one goal: delay.

Any further delay granted here would provide that much more incentive for Genzyme to delay further its responses to Kayat's Statement of Claims filed in the Cyprus trial court on November 24, 1004. There is little doubt that Genzyme will continue to argue – contrary to Supreme Court holding[*] – that the requested discovery is premature because it has not filed its responses, since the only other reason – the consideration of Genzyme's improper interlocutory appeal of jurisdiction – was removed by the Supreme Court of Cyprus in July 2005. Kayat has already provided initial disclosure more than adequate to satisfy Fed. R. Civ. 26(1)(a). Genzyme should not be allowed to use its own delay to argue that discovery is premature: if when Kayat's renewed motion for discovery pursuant to 28 U.S.C. § 1782 is heard, Genzyme still has not filed its response to Kayat's November 2004 Statement of Claims, not only is it immaterial, but it would have been a product of Genzyme's own strategy of delay.

---

[*] "It is not necessary . . . for the [adjudicative] proceeding to be pending at the time the evidence is sought, but only that the evidence is eventually to be used in such a proceeding." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, ___, 124 S. Ct. 2466, 2480, 159 L. Ed. 2d 355, 375 (2004), *quoting* Smit, International Litigation International Litigation under the United States Code, 65 Colum. L. Rev. 1015, 1026 (1965). Here, not only is the proceeding pending, but the Supreme Court of Cyprus has ruled that it should go forward.

**Conclusion**

For the foregoing reasons, Kayat requests that the Court deny Genzyme's motion for a three and a half week extension to respond to Kayat's Renewed Motion for Discovery, and instead grant Genzyme a one week extension until September 9, 2005 to file any opposition to Kayat's Motion.

Dated:  September 2, 2005

Respectfully submitted,
KAYAT TRADING LIMITED
By Its Attorneys


/s/ Michael P. Twohig
Stephen Y. Chow (BBO# 082990)
Michael Twohig (BBO#648079)
PERKINS SMITH & COHEN LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 854-4000

**EXHIBIT A**


From:     Stephen Chow
To:       "Lewis, Scott" <SLewis@palmerdodge.com>
Subject:  Re(2): Kayat Trading v. Genzyme
Cc:       AbSav@att.net
          Michael Twohig

Scott,

It's been a week. Please let us know by 3 pm if there is any agreement to go forward. If not, we'll proceed as we had advised.

Thanks.

Steve


"Lewis, Scott" <SLewis@palmerdodge.com> on Thursday, August 11, 2005 at 5:20 PM -0500 wrote:
We will look this over and get back to you as soon as we're able. As I've told you, we are of the view that such a petition would still be premature, and if we're unable to come to an agreement, we will oppose it.

-----Original Message-----
From: Stephen Chow [mailto:schow@pscboston.com]
Sent: Thursday, August 11, 2005 5:07 PM
To: Lewis, Scott
Cc: AbSav@att.net
Subject: Kayat Trading v. Genzyme

Scott,

Attached is the list of witnesses that Kayat can make available towards reciprocity, even though it is our position that that is not required by statute or case law. Ms. Achkar may be made available in Montreal. The commercial Ukrainian people can be brought to Cyprus, although it may be more efficient to take the deposition of all the Ukrainians in the Ukraine.

I understand that you may take up to a week to obtain a response from your client. My client directs me to renew the petition by Friday, August 19, 2005, if a satisfactory resolution is not reached by then.

Thanks.

Regards,
Steve

Stephen Y. Chow, Esq.

schow@pscboston.com

Perkins Smith & Cohen LLP
One Beacon Street, 30th Fl.
Boston, MA  02108-3106
(617)854-4248  FAX: 854-4040
http://www.pscboston.com

This electronic message is a communication from an attorney, which, unless otherwise expressly stated, is confidential and intended solely for communication to the addressee. Accordingly, this communication may be protected from further disclosure under one or more of the trade secret misappropriation law, the attorney-client privilege or the work product immunity. If you are in the possession of the communication in error, please immediately notify the sender via electronic mail and delete the miscommunicated message. Thank you.

This message is sent from a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

Stephen Y. Chow, Esq.

schow@pscboston.com

Perkins Smith & Cohen LLP
One Beacon Street, 30th Fl.
Boston, MA  02108-3106
(617)854-4248 FAX: 854-4040
http://www.pscboston.com

This electronic message is a communication from an attorney, which, unless otherwise expressly stated, is confidential and intended solely for communication to the addressee. Accordingly, this communication may be protected from further disclosure under one or more of the trade secret misappropriation law, the attorney-client privilege or the work product immunity. If you are in the possession of the communication in error, please immediately notify the sender via electronic mail and delete the miscommunicated message. Thank you.

**EXHIBIT B**



Monday, August 29, 2005 4:35:48 PM

Message

| | |
|---|---|
| From: | Stephen Chow |
| To: | "Lewis, Scott" <SLewis@palmerdodge.com> |
| Subject: | Re: Kayat/Genzyme |
| Cc: | AbSav@att.net |
| | Michael Twohig |

---

Scott:

I'm sorry I didn't get your Friday e-mail until after I had left the office and didn't get a chance to respond until now, when I see you have already made the motion. I do object to the constant delay. Not only has your client had since July to consider the denial of its appeal of jurisdiction/venue, but you had already asked for and received a week's delay in our filing the renewed motion. On that occasion, you called me at just before close of business on Friday after I had advised we would be filing after Thursday (the one week).

As you know, we believe that additional delay only benefits Genzyme, certainly not the memory of witnesses. We assume that you have already issued a "litigation hold" on the documents that we requested, but we will not hear of any recycling of back-up tapes, etc. because of this continued delay.

The answer to your question as to what assurance Genzyme has relative to discovery of the Ukrainian witnesses, Kayat notes that we would schedule depositions of Genzyme witesses after the Ukrainian witnesses, if Genzyme agrees to the discovery requested and produce the requested documents promptly by the end of September.

While we would be willing to extend the time for response by a week (we had allowed two weeks on the original petition), September 26 is far too long.

Regards,
Steve


Steve:

I am writing to ask if you would assent to a motion to extend the time for Genzyme to respond to Kayat's "renewed motion" for discovery. My principal client contact is on vacation next week, and I'm then out for the following two weeks. We need additional time to consult with Cyprus counsel and prepare our opposition papers, if we have to go that route. In the meantime, I'm hoping to hear back from you about the assurances Kayat is prepared to provide that the reciprocal discovery it has offered will, in fact, be available. I propose September 26 as the date by which Genzyme would respond to your renewed motion. Please let me know if you will assent to a motion for such an extension. I also await word from you about whether Kayat is prepared to share its damages proof with us in an effort to see if we might be able to resolve this case. Please advise.

---

Thanks,

Scott

---

This message is sent from a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

Stephen Y. Chow, Esq.

schow@pscboston.com

Perkins Smith & Cohen LLP
One Beacon Street, 30th Fl.
Boston, MA  02108-3106
(617)854-4248 FAX: 854-4040
http://www.pscboston.com

---

This electronic message is a communication from an attorney, which, unless otherwise expressly stated, is confidential and intended solely for communication to the addressee. Accordingly, this communication may be protected from further disclosure under one or more of the trade secret misappropriation law, the attorney-client privilege or the work product immunity. If you are in the possession of the communication in error, please immediately notify the sender via electronic mail and delete the miscommunicated message. Thank you.