UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re the Application of Kayat Trading Limited,<br>　　　　　　　　Petitioner,<br><br>For an Order to Take Discovery of Genzyme Corporation,<br>　　　　　　　　Respondent<br><br>Pursuant to 28 U.S.C. § 1782 | C.A. No. 05-MBD-10147-GAO |

**STIPULATION FOR ENTRY OF
DISCOVERY ORDER UNDER 28 U.S.C. § 1782**

Without waiving any of their rights with respect to the underlying action pending in

Nicosia, Cyprus (the "Cyprus Action"), including without limitation the right to challenge and

the right to defend the Cyprus forum and the jurisdiction of the Cyprus Court, respondent

Genzyme Corporation ("Genzyme") stipulates with petitioner Kayat Trading Limited ("Kayat")

that the Court should enter a Discovery Order under 28 U.S.C. § 1782 in the attached form.

| | |
|---|---|
| KAYAT TRADING LIMITED,<br>By its attorneys, | GENZYME CORPORATION,<br>By its attorneys, |
| /s/ Stephen Y. Chow | /s/ Scott P. Lewis |
| Stephen Y. Chow (BBO #082990)<br>Michael Twohig (BBO #648079)<br>PERKINS SMITH & COHEN LLP<br>One Beacon Street<br>Boston, MA 02108<br>(617) 854-4000 | Scott P. Lewis (BBO #298740)<br>PALMER & DODGE LLP<br>111 Huntington Avenue<br>Boston, MA 02199<br>(617) 239-0100 |

September 28, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re the Application of Kayat Trading Limited,<br>　　　　　　　　Petitioner,<br><br>For an Order to Take Discovery of Genzyme Corporation,<br>　　　　　　　　Respondent<br><br>Pursuant to 28 U.S.C. § 1782 | C.A. No. 05-MBD-10147-GAO |

**DISCOVERY ORDER UNDER 28 U.S.C. § 1782**

Upon the stipulation of petitioner Kayat Trading Limited ("Kayat") and respondent Genzyme Corporation ("Genzyme"), the Court orders that discovery under 28 U.S.C. § 1782 be conducted in accordance with the attached Discovery Plan. The Court retains jurisdiction to enforce this Order and to resolve in accordance with the Federal Rules of Civil Procedure any disputes that may arise during the course of the discovery contemplated by the Discovery Plan.

　　　　　　　　　　　　　　　　　　SO ORDERED,

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　George A. O'Toole, Jr.,
　　　　　　　　　　　　　　　　　　United States District Judge

September ___, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re the Application of Kayat Trading Limited,<br>                      Petitioner,<br><br>For an Order to Take Discovery of Genzyme Corporation,<br>                      Respondent<br><br>Pursuant to 28 U.S.C. § 1782 | C.A. No. 05-MBD-10147-GAO |

**DISCOVERY PLAN**

This Discovery Plan sets forth the discovery to be conducted by petitioner Kayat Trading Limited ("Kayat") and respondent Genzyme Corporation ("Genzyme") in accordance with and subject to the terms of the Court's September __, 2005 Discovery Order (the "Discovery Order"). The discovery to be conducted under this Discovery Plan shall be completed expeditiously and before trial in the Cyprus Action. This Discovery Plan shall not itself be used to delay proceedings in the Cyprus Action unless Kayat seeks to schedule trial in the Cyprus Action before discovery under this Plan has been completed.

**Phase One: Document Discovery**

1.      Within 30 days after entry of the Discovery Order, Genzyme shall produce to Kayat pursuant to Fed. R. Civ. P. 34 (including, if in electronic form, all available metadata such as time stamps, authors, addresses, and revisions) the following documents within Genzyme's possession, custody or control, subject to any objections based upon the attorney-client privilege or work product doctrine:

    (a)    Documents setting forth Genzyme's unit and dollar volume of melatonin product sales for each market into which it sold such product for each month from January 1, 1995 through December 31, 2003.

(b) Documents setting forth Genzyme's forecasts of unit and dollar volume of melatonin product sales for each market into which it sold such product for each month from January 1, 1995 through December 31, 2003.

(c) All documents concerning Genzyme's plans for sales of melatonin product into any country formerly part of the Soviet Union for any period including any portion of the period from January 1, 1995, through December 31, 2003.

(d) All documents concerning the regulation of MelaPure as a medicine in any country formerly part of the Soviet Union.

(e) All documents concerning Genzyme's cessation or transfer to another entity of its melatonin business.

(f) All documents concerning the manufacture of melatonin for sale to Kayat.

(g) All documents concerning Kayat or any person who purported to act for Kayat.

(h) All communications by or with Roger Sparrow concerning the sale of melatonin product to Kayat or the cessation or transfer of Genzyme's melatonin business.

(i) All communications by or with Frank Ollington concerning the sale of melatonin product to Kayat or the cessation or transfer of Genzyme's melatonin business.

(j) All communications by or with Mara Aspinall concerning the sale of melatonin product to Kayat or the cessation or transfer of Genzyme's melatonin business.

(k) All communications by or with Carol Greve-Phillips concerning the sale of melatonin product to Kayat or the cessation or transfer of Genzyme's melatonin business.

2. Within 30 days after entry of the Discovery Order, Kayat shall produce to Genzyme pursuant to Fed. R. Civ. P. 34 (including, if in electronic form, all available metadata such as time stamps, authors, addresses, and revisions) the following documents or things within Kayat's possession, custody or control, subject to any objections based upon the attorney-client privilege or work product doctrine:

(a) All the documents and things described in ¶ 11.B of the Affidavit of Konstantin Meshkov dated July 28, 2005 and filed in this action.

(b) All documents concerning Genzyme or any person who purported to act for Genzyme.

(c) Documents setting forth Kayat's unit and dollar volume of melatonin product sales for each market into which it sold such product for each month from June 1, 1995, through December 31, 2003.

(d) Documents setting forth Kayat's forecasts of unit and dollar volume of melatonin product sales, for each market into which it sold or intended to sell such product for each month from January 1, 1995 through December 31, 2003.

(e) All documents concerning Kayat's plans for sales of melatonin product into any country formerly part of the Soviet Union for any period including any portion of the period from January 1, 1995 through December 31, 2003.

(f) All documents concerning the regulation of MelaPure as a medicine in any country formerly part of the Soviet Union.

(g) All documents concerning ANIT.

(h) All documents concerning Medical Commerce.

(i) All documents concerning CERTA.

(j) All documents concerning any orders Kayat placed with Genzyme for any melatonin product.

(k) All documents concerning any shipments of melatonin products received by Kayat from Genzyme.

(l) All documents that support Kayat's damage calculations.

(m) All documents concerning the wholesale or retail price of any melatonin products in the Ukraine or any country formerly a part of the Soviet Union at any time during the period from January 1, 1995 through December 31, 2003.

(n) All documents concerning VitaPure or Roger Sparrow.

3. Absent agreement, at the completion of Phase One discovery if either party believes that discovery of additional documents not specified in ¶¶ 1 and 2 of this Discovery Plan is warranted, they may apply to the Court to compel production of such documents. Such application shall not be deemed to render Phase One discovery incomplete for the purpose of proceeding to Phase Two.

**Phase Two:  Third-Party Depositions**

4. Within 120 days after completion of Phase One discovery, Kayat shall make arrangements and provide reasonable facilities (not including transportation or hotels) for Genzyme, at its own expense, to depose in Cyprus or in the Ukraine all of the following witnesses under Fed. R. Civ. P. 30 and Genzyme shall take such of those depositions as it may desire during this Phase Two:

(a) Chumak, Victor – 18 Chegorina Street, Kiev, Ukraine; Director, State Center of Expertise of Medical Preparations

(b) Delikatnaya, V. – 24/7 Institutskaya Street, Kiev, Ukraine; Commercial Director, Medical Commerce

(c) Evlah, Aleksey – 5 Arsenalnaya Street, Kiev, Ukraine; General Director, Interservice

(d) Kondrashkin, Alexander – 30/A Kikvidze Street, Kiev, Ukraine; Director, 000 ANIT

(e) Kotenko, Alexander – 50 Popudrenko Street, Kiev, Ukraine; Head of Laboratory, State Laboratory for Medication Quality Control

(f) Parshina, Nadezhda – 17/19 Gonchara Street, Kiev, Ukraine; Director, State Inspection for Quality Control of Medicines

(g) Rybchuk, Victor – 7 Grushevenovo Street, Kiev, Ukraine; First Deputy Minister of Health, Ukrainian Ministry of Health

(h) Spizhenko, Yurii – 18 Chegorina Street, Kiev, Ukraine; President, Pharmaceutical Association of Ukraine

(i) Tsvetkov, Alexander – 9/B Borispolskaya Street, Kiev, Ukraine; Director, CERTA

Kayat has represented that to the best of its knowledge, information and belief, the designated witnesses for ANIT, CERTA and Medical Commerce will each have sufficient knowledge to testify on behalf of their respective company with respect to (i) the relationship between their company and Kayat; (ii) any contracts their company may have made concerning the sale of melatonin products to be supplied by Genzyme to Kayat, (iii) any claims for damages their

company has asserted or might assert in connection with the sale of melatonin products to be supplied by Genzyme to Kayat, and (iv) the market for melatonin products in the Ukraine and Russia during the period from January 1, 1995 through December 31, 2003.

### Phase Three:  Depositions of Party Witnesses

5. Within 60 days after completion of the Phase Two depositions, Genzyme shall (a) produce in Boston, Massachusetts for deposition by Kayat under Fed. R. Civ. P. 30(b)(6) a witness or witnesses designated by Genzyme to authenticate and testify with respect to the subject matter of the documents described in ¶ 1 of this Discovery Plan, and (b) produce for deposition by Kayat under Fed. R. Civ. P. 30 or, if not controlled by Genzyme, cooperate in Kayat's efforts to obtain such depositions under Fed. R. Civ. P. 45 or letters rogatory, of Roger Sparrow, Frank Ollington, Mara Aspinall and Carol Greve-Phillips.

6. Within 60 days after completion of the Phase Two depositions, Kayat shall produce for deposition by Genzyme under Fed. R. Civ. P. 30 both (i) Huguethe Achkar, to be deposed in Montreal, Canada or elsewhere as agreed by the parties, and (ii) Konstantin Meshkov, to be deposed in Nicosia, Cyprus or elsewhere as agreed by the parties.  Kayat may designate either or both of these witnesses to testify on its behalf with respect to the subject matter of the documents described in ¶ 2 of this Discovery Plan, but if Kayat does not do so, Kayat shall produce for deposition by Genzyme such other witness or witnesses as may be designated by Kayat in accordance with Fed. R. Civ. P. 30(b)(6) to authenticate and testify with respect to the subject matter of the documents described in ¶ 2 of this Discovery Plan.

7. Absent agreement, if either party believes after the completion of Phase Three discovery that additional depositions are warranted, they may apply to the Court for leave to conduct such depositions for good cause shown.