IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| In re the Application of | : | |
| Kayat Trading Limited, | : | |
| Petitioner, | : | 05 MBD 10147-GAO |
| For an Order To Take Discovery of | : | |
| Genzyme Corporation, | : | **HEARING REQUESTED** |
| Respondent, | : | |
| Pursuant to 28 U.S.C. § 1782. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**PETITIONER KAYAT TRADING LIMITED'S MOTION TO COMPEL COMPLETION OF DISCOVERY AND TO EXPAND DISCOVERY PERSUANT TO STIPULATED DISCOVERY PLAN**

      Petitioner Kayat Trading Limited ("Kayat") respectfully prays for an order, in the form attached hereto, pursuant to 28 U.S.C. § 1782, or alternatively, Fed. R. Civ. P. 37, requiring respondent Genzyme Corporation ("Genzyme"), in support of an action brought in Nicosia, Cyprus for Genzyme's supply of melatonin tablets for Kayat's distribution to Ukrainian consumers that did not meet its representations, to Kayat, its sub-distributors and Ukrainian health regulators, as being manufactured by Genzyme to pharmaceutical standards, (1) compelling Genzyme's production of Rule 30(b)(6) witnesses under the Discovery Plan stipulated between the parties (Paper #23) and ordered by this Court (Paper #24) on the issues of Genzyme's distribution agreement with Kayat and its decision to exit the melatonin business at the same time; and (2) expanding the Discovery Plan to cover material aspects of Genzyme's outsourcing of the manufacture of its branded melatonin tablets and its prior marketing of those tablets – sales of which were disclosed in the discovery so far provided by Genzyme as extremely limited.

      Kayat produced eleven of its own, its sub-distributor's and Ukrainian government witnesses whose testimony Genzyme took for nine days. Genzyme produced three witnesses for depositions lasting a day each but failed produce witnesses designated to testify on the subject matter listed in the Discovery Plan, notably Genzyme's manufacture of the tablets, its regulatory efforts in the former Soviet Republics and its decision to exit the business. Good cause for the relief requested – compelling Genzyme's production of witnesses designated on these topics, expanded to include Genzyme's limited general marketing and manufacturing

of the tablets – is shown in "Petitioner Kayat Trading Limited's Memorandum in Support of Its Motion To Compel Competition of Discovery and To Expand Discovery Pursuant to Stipulated Discovery Plan" filed herewith.

Dated:  September 7, 2007                    Respectfully submitted,
                                             KAYAT TRADING LIMITED
                                             By Its Attorneys


                                             /s/ Stephen Y. Chow_____
                                             Stephen Y. Chow (BBO# 082990)
                                             Michael Twohig (BBO#648079)
                                             BURNS & LEVINSON LLP
                                             123 Summer Street
                                             Boston, Massachusetts 02110
                                             (617) 345-3000


### Certification Pursuant to Local Rules 7.1 and 37.1

The undersigned conferred with Scott Lewis, counsel for respondent, telephonically for about 25 minutes on June 27, 2007 and subsequently by e-mail and failed to reach a common position, as further detailed at pages 10-11 of  "Petitioner Kayat Trading Limited's Memorandum in Support of Its Motion To Compel Discovery and To Expand Discovery Pursuant to Stipulated Discovery Plan," filed herewith.


                                             /s/ Stephen Y. Chow



### Certificate of Service

I hereby certify that on September 7, 2007, this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                             /s/ Stephen Y. Chow

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| In re the Application of | : | |
| Kayat Trading Limited, | : | |
| Petitioner, | : | 05 MBD 10147-GAO |
| For an Order To Take Discovery of | : | |
| Genzyme Corporation, | : | |
| Respondent, | : | |
| Pursuant to 28 U.S.C. § 1782. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## [PROPOSED] DISCOVERY ORDER

Upon consideration of Petitioner Kayat Trading Limited's Motion To Compel Completion of Discovery and Expansion of Discovery Pursuant to Stipulate Discovery Plan and the arguments of the parties, it is hereby

ORDERED:

A.  That respondent Genzyme Corporation ("Genzyme") shall, within 30 days of the entry of this Order, produce to petitioner Kayat Trading Limited ("Kayat") the following:

1.  To the extent not previously produced, documents describing the source and modification of the distribution agreement presented by Genzyme to Kayat;

2.  To the extent not previously produced, documents specifying when and how Genzyme decided to exit the melatonin business;

3.  To the extent not previously produced, documents specifying how that exit was to be effected, including disposition of the various intermediate forms of bulk melatonin;

4.  With respect to the manufacture of finished dosage form melatonin under a

Genzyme brand or using Genzyme melatonin during the period January 1, 1995 to December 31, 2005,

    a. documents identifying each step of the manufacture from raw material to FDF, who performed the step and who owned the rights in the process;

    b. for each of (I) Tishcon, (II) Natural Options and (III) if different, any other party considered or used by Genzyme for manufacturing, tabletting or packaging MelaPure™-brand FDF melatonin provided to Kayat or to regulatory agencies in the former Soviet countries, documents

        i. documenting the consideration for use and the termination of use by Genzyme of such third parties for manufacturing, tabletting or packaging of MelaPure™-brand FDF melatonin;

        ii. setting forth Genzyme's specifications of the FDF melatonin, including all contracts and correspondence (including proposed prices) between Genzyme and these third parties relating to the manufacturing, tabletting or packaging of MelaPure™-brand FDF melatonin;

        iii. exemplifying Genzyme's documentation of good manufacturing practices for the manufacturing, tabletting and packaging steps;

        iv. evidencing all exceptions of adherence to proposed, contracted or established manufacturing practices, including documentation of quality control or production problems in about the 1997 at both Tishcon and Natural Options;

5. With respect to Genzyme's marketing of finished dosage form melatonin during the period January 1, 1995 to December 31, 2005,

    a. examples of each marketing collateral mentioning Genzyme's MelaPure™-brand FDF melatonin;

    b. screenshots of each webpage on Genzyme's site mentioning Genzyme's MelaPure™-brand FDF melatonin;

    c. the marketing or advertising files for Genzyme's introduction of its Melapure™-brand FDF melatonin internally (within the company), to United States customers (distributors or users) and to foreign markets; and

    d. documentation of all corporate- or division-level decisions to commence or cease marketing of Genzyme's Melapure™-brand FDF melatonin.

B. That respondent Genzyme shall, between 30 and 60 days after production of these documents, produce for deposition upon oral examination by Kayat witnesses knowledgeable

ii

about the subject matter of items (1)-(5) above, including, but not limited to

      I.      Geoffrey Cox;

      II.     David DeLoria

      III.    Thomas Slater; and

      IV.    Henri Termeer.


ENTERED:


Dated: _____

                                                              Hon. George A. O'Toole, U.S.D.J.