**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| In re the Application of | : | |
| Kayat Trading Limited, | : | |
| Petitioner, | : | 05 MBD 10147-GAO |
| For an Order To Take Discovery of | : | |
| Genzyme Corporation, | : | |
| Respondent, | : | |
| Pursuant to 28 U.S.C. § 1782. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**PETITIONER'S LIMITED OPPOSITION TO RESPONDENT'S MOTION TO EXTEND TIME TO RESPOND**

Petitioner Kayat Trading Limited ("Kayat") opposes the "Motion To Extend Time To Respond To Motion To Compel" of respondent Genzyme Corporation ("Genzyme") to the extent that it requests more than two weeks, already doubling the time allotted by the Local Rules.

Genzyme complains that Kayat delayed in its motion to compel completion of and to expand in a focused area the Discovery Plan (Dkt. #23). In fact, Kayat waited, as it advised this Court at the January 30, 2007 status conference, for possible compromise of the requests that it had made of Genzyme in October 2006 to which Genzyme did not respond until January 2007. After Genzyme's long-awaited Cypriot "Defence" was filed in April 2007 and Kayat's Reply in May, which were considered to avoid piece-meal discovery, the parties had a telephonic conference in June, Kayat narrowed its demand in a July 13, 2007 letter, which Genzyme rejected on July 25, 2007. The only "delay" was in the month of August 2007. Kayat made a courtesy "last chance" demand on September 5 and filed its motion on September 7, 2007.

Kayat seeks on its motion (1) to compel the production under the Discovery Plan of the Fed. R. Civ. P. 30(b)(6) witnesses knowledgeable about Genzyme's drafting of a distribution agreement and Genzyme's decision to exit the melatonin business, both central issues in the underlying dispute; and (2) to expand the Discovery Plan to include documents and witnesses on Genzyme's general experience in manufacturing "pharmaceutical quality" melatonin under its trademark MelaPure™ in Finished Dosage Form ("FDF") for consumers that is limited in the current Discovery Plan to documents and witnesses on manufacturing for Kayat only. Kayat learned for the first time at the at the July 2006 depositions that, contrary to its representations, Genzyme's manufacturing experience with FDF melatonin was extremely limited, and Kayat re-

amended its statement of claim in the Cypriot Action to include new allegations of misrepresentation and fraud. As part of the request for completion of discovery, Kayat has identified four Genzyme witnesses.

There is no information in Kayat's underlying motion that is new toGenzyme: the relief requested has been narrowed from the October 2006 request and is essentially what was requested in July 2007. The exhibits are documents that the parties exchanged in the fall of 2005 -- and the deposition transcripts from February, March and July 2006. The last Cypriot pleadings included is Genzyme's April 2007 "Defence".

The only additional information, other than Kayat's particular marshaling of the facts (there is no new law cited), are a copy of a 1997 web page from Genzyme's melapure.com site and some footnote references to recent newspaper articles about Genzyme's troubles in scaling production and managing its tracking-stock entity situation.

Genzyme has objected numerous times as "irrelevant" to Kayat's request for additional information on the advertised "pharmaceutical quality" aspect of Genzyme's manufacture of FDF MelaPure™ -- requests specifically addressed to Genzyme's apparently very limited experience with FDF manufacture and its apparent inability to scale up production. It should not require Genzyme additional consultation or research to assert the same (baseless) objection in its response to Kayat's motion.

Kayat has agreed purely as a matter of professional courtesy to double the response time to four weeks from September 7, 2007. It wishes to make a record here that there is no reason for even that extension other than the standard defense tactic of delay.

Dated: September 17, 2007

Respectfully submitted,
KAYAT TRADING LIMITED
By Its Attorneys


/s/ Stephen Y. Chow_____
Stephen Y. Chow (BBO# 082990)
Michael Twohig (BBO#648079)
BURNS & LEVINSON LLP
123 Summer Street
Boston, Massachusetts 02110
(617) 345-3000

### Certificate of Service

I hereby certify that on September 17, 2007, this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Stephen Y. Chow